Citation Nr: AXXXXXXXX
Decision Date: 05/28/21 Archive Date: 05/28/21

DOCKET NO. 191001-37064
DATE: May 28, 2021

ORDER

Entitlement to an initial evaluation of 10 percent disabling, and no higher, for surgical scar, right knee, is granted.

REMANDED

Entitlement to an evaluation in excess of 10 percent for arthritis, right knee, is remanded.

Entitlement to an evaluation in excess of 10 percent for post-operative meniscectomy, right knee, is remanded.

FINDING OF FACT

The Veteran is afforded the benefit of the doubt that surgical scar, right knee, is manifested as painful. 

CONCLUSION OF LAW

The criteria for a 10 percent evaluation, and no higher, for surgical scar, right knee, are met. 38 U.S.C. § 1155; 38 C.F.R. §§ 3.102, 4.1, 4.7, 4.118, Diagnostic Code 7804. 

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty with the United States Army from January 1965 to December 1966. 

This matter comes to the Board of Veterans' Appeals (Board) on appeal from a July 2019 rating decision by the Regional Office (RO) of the United States Department of Veterans Affairs (VA).

In an October 2019 VA Form 10182 Notice of Disagreement (NOD), the Veteran elected an appeal to the Board on the hearing docket. 38 C.F.R. § 3.2400. On the hearing docket, the Board considers the record before the agency of original jurisdiction (AOJ), as well as evidence received at or within 90 days of the Board hearing. 38 C.F.R. § 20.302. The Veteran was scheduled for a March 2020 hearing, but the Veteran did not appear. To date, he has not shown good cause for his "no show" and has not requested another hearing. Accordingly, the Board considers the hearing request to be withdrawn. 38 C.F.R. § 20.704.

In connection with an earlier claim which was withdrawn, the Veteran filed a VA Form 21-8940, seeking entitlement to total disability based on individual unemployability (TDIU). However, he has not raised unemployability in connection with the current claim, and the records reflects only that the Veteran retired. No claim for TDIU is therefore inferred at this time. Rice v. Shinseki, 22 Vet. App. 447 (2009).

Disability evaluations are determined by the application of the facts presented to VA's Schedule for Rating Disabilities (Rating Schedule) at 38 C.F.R. Part 4. The percentage ratings contained in the Rating Schedule represent, as far as can be practicably determined, the average impairment in earning capacity resulting from diseases and injuries incurred or aggravated during military service and the residual conditions in civilian occupations. 38 U.S.C. § 1155; 38 C.F.R. §§ 3.321 (a), 4.1.

In evaluating the severity of a particular disability, it is essential to consider its history. 38 C.F.R. § 4.1 (2018); Peyton v. Derwinski, 1 Vet. App. 282 (1991). Where entitlement to compensation has already been established and an increase in the disability rating is at issue, the present level of disability is of primary importance. Francisco v. Brown, 7 Vet. App. 55, 58 (1994).

Separate evaluations may be assigned for separate periods of time based on the facts found. In other words, the evaluations may be staged. Staged ratings are appropriate for any rating claim when the factual findings show distinct time periods during the appeal period where the service-connected disability exhibits symptoms that would warrant different ratings. Fenderson v. West, 12 Vet. App. 119 (1999); Hart v. Mansfield, 21 Vet. App. 505 (2007). 

If the evidence for and against a claim is in equipoise, the claim will be granted. 38 C.F.R. § 4.3. A claim will be denied only if the preponderance of the evidence is against the claim. See 38 C.F.R. § 3.102; Gilbert v. Derwinski, 1 Vet. App. 49, 56 (1990). Any reasonable doubt regarding the degree of disability should be resolved in favor of the claimant. 38 C.F.R. § 4.3. Where there is a question as to which of two evaluations shall be applied, the higher rating will be assigned if the disability picture more nearly approximates the criteria required for that evaluation. Otherwise, the lower rating will be assigned. 38 C.F.R. § 4.7.

Scars are evaluated pursuant to Codes 7800, 7801, 7802, 7804, and 7805. 38 C.F.R. § 4.118.

The Veteran is currently receiving a noncompensable evaluation under Code 7802. Pursuant to Diagnostic Code 7802, a scar at a location other than the head, face, or neck, that is not associated with underlying soft tissue damage, area exceeding 144 square inches (929 square centimeters) warrants a 10 percent rating. 38 C.F.R. § 4.118, Diagnostic Code 7802. 

Diagnostic Code 7800 pertains only to scars (including burn scars) that are located on the head, face, or neck; and is not applicable to the Veteran's appeal. Diagnostic Code 7801 applies to deep scars associated with underlying soft tissue damage; there is no indication that the Veteran's knee scar is deep. Diagnostic Code 7805 pertains to other disabling effects of scars. 

Diagnostic Code 7804 provides that one or two scars that are unstable or painful warrant a 10 percent rating; three or four scars that are unstable or painful warrant a 20 percent rating; and 5 or more scars that are unstable or painful warrant a 30 percent rating. See 38 C.F.R. § 4.118. Note (1) provides that an unstable scar is one where, for any reason, there is frequent loss of covering of skin over the scar. Id. Note (2) provides that if one or more scars are both unstable and painful, 10 percent is added to the evaluation based on the total number of unstable or painful scars. Id.

In the July 2019 VA knee examination, the examiner addressed the post-operative scar from the Veteran's meniscotomy. The examination is somewhat ambiguous. The examiner replied "yes" to whether his scars were painful or unstable; have a total area equal to or greater than 39 square cm; or are located on the head, face or neck, but then failed to complete the corresponding scars/disfigurement examination. The examiner described the scar as 9 cm by 0.1 cm and did not complete the section for "unstable scar." 

The information provided indicates that the scar was not located on the head, face, or neck, is not equal to or greater than 39 square cm and is not unstable. However, since the examiner answered yes to the question, the Veteran will be afforded the benefit of the doubt that the scar is painful. 

Therefore, he is more appropriately rated under Diagnostic Code 7804 than 7802 and warrants a 10 percent evaluation under Diagnostic Code 7804 for having a painful scar. 

REASONS FOR REMAND

Under the AMA, the Board does not have a duty to assist the Veteran in obtaining evidence in support of his claim. However, the Board is responsible for identifying duty to assist errors that were made by the AOJ, prior to the rating decision on appeal. 38 C.F.R. § 3.159(c). Once identified, the Board must remand to the AOJ to correct pre-decisional duty to assist errors. Remand is also permitted to correct any error the correction of which raises a reasonable possibility of aiding in substantiating the claim. 38 C.F.R. § 20.802(a). 

Right Knee Arthritis and Post-Operative Meniscectomy

The Veteran's right knee has been rated under several different diagnostic codes since it was initially granted in March 1967. Initially, the Veteran was service connected for right knee osteoarthritis with internal derangement, which was found to be 10 percent disabling under Diagnostic Code 5010. In a December 1975 rating decision, this was changed to a 10 percent rating under Code 5003-5259, with a period of temporary total evaluation providing a month of convalescence during the Veteran's meniscectomy. In a September 1997 rating decision, the evaluation was changed to Code 5003-5258 with a 20 percent increase effective May 6, 1997. 

In February 1999, the RO maintained the overall evaluation at 20 percent from May 6, 1997, but divided it into two separate ratings. Specifically, prior to this date, the 10 percent evaluation was maintained under 5003-5258; from May 6, 1997 forward, a 10 percent evaluation was found warranted under Diagnostic Code 5259 and a separate 10 percent evaluation was found warranted under Code 5003-5010 for limitation of motion. 

In the July 2019 rating decision on appeal, the RO maintained the 10 percent rating for arthritis, right knee, under Code 5003-5010, but changed the evaluation for post-operative meniscectomy from Code 5259 to 5260. The changing of a diagnostic code does not necessarily result in a de facto reduction of a disability rating. Murray v. Shinseki, 24 Vet. App. 420 (2011). However, in this situation, the change from Code 5259 to 5260 results in no longer compensating the Veteran for the residuals of his meniscectomy. Rather, evaluation under 5260 provides compensation for limitation of motion, which is already compensated under the separate evaluation under Code 5003-5010. Accordingly, not only has the evaluation for residuals of the meniscectomy been reduced without providing the Veteran the full and fair opportunity to address the merits of his claim, but his limitation of motion has been effectively compensated twice, resulting in prohibited pyramiding, or the evaluation of the same disability under several Codes. 38 C.F.R. § 4.14. 

Accordingly, remand is necessary in order for the AOJ to address these apparent errors and assign corrected ratings under the appropriate diagnostic code or codes, fully considering all manifestations of the right knee disability. 

Remand is also warranted to address a duty to assist error prior to the July 2019 rating decision. In May 2019, the Veteran was provided notice that VA treatment records were not available prior to August 15, 2018. In response, the Veteran's representative notes that the Veteran had spoken directly to his primary doctor at the VA, Dr. SG, who confirmed that records were available beginning in 1975. The representative then requested that this doctor be contacted directly for the records. The records themselves support a determination that the Veteran was receiving treatment at the VA facility prior to August 16, 2018, as the notes from this date show that the Veteran was coming in for a regular check-up with his doctor, rather than establishing as a new patient. However, it does not appear that any additional efforts have been made to obtain the earlier VA treatment records. 38 U.S.C. § 5103A(c); see also Bell v. Derwinski, 2 Vet. App. 611 (1992) (VA medical records are in constructive possession of the agency and must be obtained if the material could be determinative of the claim). As such, additional attempts must be made to obtain these records. 

Furthermore, the Veteran's VA treatment records further indicate that he receives private treatment for his knee condition. In July 2019, records show that the Veteran "follows with ortho off VA." The AOJ has failed to make any reasonable attempts to obtain these private records. Accordingly, attempts to obtain these private treatment records must be made upon remand. 

The matters are REMANDED for the following action:

1. Obtain VA treatment records, specifically from 1975 through August 16, 2018. Specific requests for any archived, nonelectronic records must be made and documented.

2. Contact the Veteran and request properly executed releases for any private care providers treating his right knee. 

Upon receipt of such, VA must take appropriate action to contact the identified providers and request complete treatment records. The Veteran should be informed that in the alternative he may obtain and submit the records himself. 

3. Review the July 2019 rating decision. The reviewing AOJ must take appropriate action to clarify the assigned diagnostic codes and, if necessary, correct the apparent errors identified above with respect to pyramiding and effective reduction. 

 

 

WILLIAM H. DONNELLY

Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board S.P. Faris

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.